IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KEN SHERMAN,

          Plaintiff,

v.

MELEE THAO, et al.,

          Defendants.

ORDER

14-cv-170-wmc

On March 3, 2014, plaintiff Ken Sherman filed a proposed civil action under 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was in custody at the Marathon County Jail and again at the Dodge Correctional Institution. He requested leave to proceed without pre-payment of the $400 filing fee. On April 7, 2014, Sherman's case was dismissed after he failed to comply with a court order to provide a proper affidavit of indigency in support of his motion for leave to proceed *in forma pauperis*. On January 11, 2015, Sherman filed a motion for relief from the dismissal order under Fed. R. Civ. P. 60(b).

Although Sherman suggests that his case was dismissed by "mistake," he does not demonstrate that any particular provision found in Rule 60(b) applies.[1] In that respect, Sherman claims that he did not receive the court's order because his mail was sent to his brother's address and his brother did not tell him about the court's order until October 2014. It was Sherman's responsibility, however, to provide the court with a valid address. The court can only send notices to a litigant's address on file. Sherman clearly failed to provide the court with an accurate, current address.

---

[1] Under Rule 60(b), a district court "may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

More importantly, Sherman does not dispute that he failed to comply with the court's order to provide a properly completed affidavit of indigency. Indeed, he still has not provided the affidavit of indigency requested by the court. Based on this record, Sherman does not show that his case was dismissed in error for purposes of Fed. R. Civ. P. 60(b). Accordingly, his motion for relief from the dismissal order will be denied.

The court notes that Sherman appears to include a request for leave to re-file his complaint. This case was dismissed "without prejudice," meaning that Sherman is able to re-file his complaint as a new case if he wishes to do so. If Sherman elects to re-file his complaint, he must pay the filing fee or submit properly supported motion for leave to proceed *in forma pauperis* together with the requisite supporting documentation. Because Sherman is incarcerated, he will have to comply with the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)(2), which requires prisoners to provide a certified copy of their inmate trust fund account statement (or institutional equivalent), for the 6-month period immediately preceding the filing of a complaint or notice of appeal.

ORDER

IT IS ORDERED that plaintiff Ken Sherman's motion for relief from the judgment of dismissal (Dkt. # 4) is DENIED.

Entered this 15th day of January, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge